RIPPLE, Circuit Judge,
concurring in part and dissenting in part.
I agree that the grant of summary judgment to Sergeant Janak and Officer Jackson in their individual capacities must be reversed.
In my view, the claim against Captain Theisen in his individual capacity ought to survive summary judgment. Captain Theisen was the shift commander. During his watch, one of his subordinate officers, Sergeant Janak, had to go, with his hat in his hand, to an inmate gang leader and plead for the end of a violent episode by drunken inmates. Captain Theisen had operational responsibility for the situation, but the prison gangs had operational control. Management was not managing; it had surrendered its responsibilities to the inmates. Under these circumstances, a jury could determine that the shift commander could have remained unaware of the deplorable state of jail security only by conscious avoidance[1] of the knowledge or by reckless indifference.
The claim against Sheriff Sheahan also must survive summary judgment. I cannot join my colleagues’ characterization of this claim as seeking to impose a rigid, constitutionally imposed duty on the Sheriff to structure living arrangements so that inmates of different gang affiliations are kept completely separate. The plaintiff simply contends that gang affiliation ought to be a screening factor at the divisional level so that it is a factor in placement. On this record, a trier of fact certainly could conclude that the Sheriff took no adequate measures to protect inmates from gang violence in the jail. Given the extent of gang control of this facility, the trier of fact certainly could determine that even those at the highest level of responsibility could only have remained unaware of such a deplorable state of jail security by conscious avoidance of the knowledge or by reckless indifference.

. See Fanner v. Brennan, 511 U.S. 825, 843 n. 8, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Higgins v. Correctional Med. Servs. of Illinois, Inc., 178 F.3d 508, 511 (7th Cir.1999); West v. Wayrnire, 114 F.3d 646, 651 (7th Cir.1997).